MONROE, Treas., Plaintiff, v. GEMEINER et, Defendants.

Common Pleas Court, Cuyahoga County.

No. 583850. Decided October 5, 1951.

F. T. Cullitan, Pros. Atty., F. M. Surtz, Asst. Pros. Atty., Cleveland, for plaintiff.
Jack Persky, Cleveland, for defendant.

## OPINION

By MERRICK, J:

This action is before the Court on applications by the sheriff for instructions. The first of such applications reads as follows:

"Now comes Joseph M. Sweeney, the duly qualified and acting Sheriff of Cuyahoga County, Ohio, and makes this application to the Court for instructions in the above entitled case, and says that pursuant to an order of sale in this case, which is a tax foreclosure action, he did offer for sale at public auction in Room 26, known as the assembly hall, in the basement of the new Court House, in the City of Cleveland, County of Cuyahoga and State of Ohio, on Monday, April 2nd, 1951, the premises, the subject matter of the above entitled action, being the premises described in the plaintiff's petition and in the decree of foreclosure herein; that said premises previous to notice of sale, and sale, had been appraised for THIRTY-THREE THOUSAND DOLLARS ($33,-000.00).

"Said Sheriff says that after about thirty bids, the highest bidder was Sidney Zehman, who bid the said property for the sum of THIRTY-FIVE THOUSAND, FIFTY DOLLARS ($35,-

4

050.00), of which amount the sum of THREE THOUSAND, SIX HUNDRED DOLLARS ($3,600.00) was paid at said time to the Sheriff as hereinafter set forth, and at which time the said Sidney Zehman instructed the Sheriff to cause the Deed to said property to isuse to the West Side Land Company, 13484 Cedar Road, University Heights, Ohio.

"Said Sheriff says that said bid of THIRTY-FIVE THOUS-AND, FIFTY DOLLARS ($35,050.00) was insufficient in amount to pay in full the taxes, assessments, interest and penalties in the amount of THIRTY-THREE THOUSAND, SIX HUN-DRED, FIFTY-ONE AND 27/100 DOLLARS ($33,651.27) and accrued taxes, assessments, interest and penalties found due to the plaintiff, Leslie R. Monroe, Successor to John J. Boyle, as Treasurer of Cuyahoga County, Ohio, in this action, and which, at the time of sale, amounted to approximately FORTY-FIVE THOUSAND, FOUR HUNDRED, THIRTY-FOUR AND 32/100 DOLLARS ($45,434.32).

"It comes to the attention of your applicant, who brings it to the attention of the Court, that the purchaser of said premises above referred to, Sidney Zehman, at the time of the Sheriff sale, paid to the Sheriff an Official Bank Check No. 90,039 of The Cleveland Trust Company Branch 24, of Cleveland, Ohio, in the amount of TWO THOUSAND, TWO HUNDRED DOLLARS ($2,200.00), payable to Sidney Zehman, and endorsed in blank by said Sidney Zehman, and also the sum of ONE THOUSAND, FOUR HUNDRED DOLLARS ($1,400.00) in cash, and that at said time said Sidney Zehman was the fee owner of the premises herein referred to by virtue of a Deed recorded on April 2nd, 1951, at 8:46 o'clock A. M. and recorded in Volume 7236, Page 276, of Cuyahoga County Records.

"These facts raised the question as to whether or not Sidney Zehman, the fee owner, is the real purchaser at this sale, which in turn does raise the question as to whether or not one who is the owner of real property and so under obligation to pay such taxes and assessments, as in this case Sidney Zehman can so be in default and then purchase said premises at a tax foreclosure sale for less than the amount due and owing for taxes, assessments, interest and penalties at the time of the sale, and be entitled to the abatement and removal from the tax duplicate and record of the Auditor and Treasurer of Cuyahoga County, Ohio, of the difference between the amount bid, the Court costs and the amount found due, as in this case, to the Plaintiff, Leslie R. Monroe, Successor to John J. Boyle, as Treasurer of Cuyahoga County, Ohio, or whether or not said purchase does constitute a bona fide sale under the

law, and whether or not your applicant shall demand from said purchaser the full amount of taxes, assessments, penalties, interest, accrued taxes, assessments and costs before submitting said sale to the Court for confirmation.

"If the Court finds the fee owner, Sidney Zehman, is not directly or indirectly the purchaser of said premises at Sheriff sale, then, of course, this question does not arise.'

"It is on these questions raised that your applicant asks the Court for its instructions herein.

"Joseph M. Sweeney (signed)
"SHERIFF OF CUYAHOGA COUNTY, OHIO."

Pursuant to this application a hearing and trial was had on the issues raised by this application and this Court made the following finding of facts and conclusions of law:

"After examination of the agreed statement of facts and a hearing of the evidence in the request by the Sheriff for instructions, the Court finds each of the following facts:

"1. That Harry Blachman, Sidney Zehman and Milton Wolf entered into a plan to secure title to the land in question at the lowest possible price.

"2. That as a part of such plan they purchased the record title from Peter L. Gemeiner and Eleanor Gemeiner, for a consideration of $300.

"3. That the purchase of such title was made by Blachman for the benefit of all three and title taken in the name of Sidney Zehman.

"4. That the deed thus taken, was recorded prior to the sale by the sheriff and that such recording was done by Blachman with the knowledge and consent of the others and for the purpose of furthering the common plan to secure the land.

"5. That the property was bid for at sheriff's sale by the three acting in concert and in furtherance of the common plan.

"6. That the name of The West Side Land Company was used in requesting the sheriff to prepare a deed and receipts were taken in the name of such corporation, which was used as a dummy. The purchase money being that of Sidney Zehman secured from various corporations which are controlled by himself and Wolf, who is his son-in-law.

## "CONCLUSIONS OF LAW

"1. That under the facts and the reasonable conclusion which this Court attaches thereto the same persons were the owners of the title and the successful bidders at the sheriff's sale

"2. The sheriff is instructed not to issue a deed but is to hold the fund received until further order of Court.

"3. That the matter is reserved for further proceedings as to the disposition of the funds by the sheriff.

"4. Exceptions may be noted and the prosecuting attorney may file a request for an order on the sheriff for the application or disposition of such funds."

Thereafter the sheriff filed an application for further instructions as follows:

"Now comes Joseph M. Sweeney, the duly qualified and acting Sheriff of Cuyahoga County, Ohio, and makes this application to the Court for further instructions in the above entitled cause and says that by reason of the findings of fact and conclusions of law heretofore made by this Court, and for the purposes of a final determination of this cause and application, Harry Blachman, Sidney Zehman, Milton Wolf and The West Side Land Company, an Ohio corporation, are necessary parties to this action and application and said Sheriff asks leave of Court to make them new parties defendant to this action and application.

"Said Sheriff says that in said finding of facts and conclusions of law, this Court found that said defendants, Harry Blachman, Sidney Zehman and Milton Wolf, were the owners of the title before said Sheriff's sale of the premises described in the plaintiff's petition and in the decree of foreclosure herein, and were the successful bidders for same at said Sheriff's sale.

"Said Sheriff says further that he has in his possession the sum of THIRTY FIVE THOUSAND, FIFTY DOLLARS ($35,050.00), which said sum is the amount bid for said premises by said defendants, Harry Blachman, Sidney Zehman and Milton Wolf, and said Sheriff files this application for further instructions and for an order as to the application or disposition of this fund.

"Said Sheriff further says that said amount of THIRTY FIVE THOUSAND, FIFTY DOLLARS ($35,050.00), is insufficient in amount to pay in full the taxes, assessments, penalties and interest in the sum of THIRTY THREE THOUSAND, SIX HUNDRED FIFTY-ONE AND 27/100 DOLLARS ($33,651.27), and accrued taxes, assessments, penalties and interest heretofore found due to the plaintiff, Leslie R. Monroe, as Treasurer of Cuyahoga County, Ohio, in this action, which at the time of said Sheriff's sale together amounted to SIXTY-THREE THOUSAND FOUR HUNDRED FORTY FIVE AND 53/100 DOLLARS ($63,445.53).

"Said Sheriff further says that said facts and said finding of facts and conclusions of law raise the question as to whether or not said fund shall be considered a mode of payment by said defendants, Harry Blachman, Sidney Zehman and Milton Wolf, upon the account of said delinquent taxes, assessments,

penalties and interest so found due herein and the said Sheriff accordingly directed and ordered to pay to the plaintiff the said sum so bid to be applied by him as a payment upon the account of said delinquent taxes, assessments, penalties and interest so found due him herein, upon said premises and owned by said Harry Blachman, Sidney Zehman and Milton Wolf.

"Said Sheriff further says that said facts and said finding of facts and conclusions of law also raise the question that, if the Court so finds that said fund is a mode of payment upon the account of said delinquent taxes, assessments, penalties and interest heretofore found due to the plaintiff upon said premises, under what conditions with reference to the payment of Court costs and of the balance of said taxes, assessments, penalties and interest heretofore found due to the plaintiff, shall said Sheriff issue his Deed to said defendants, Harry Blachman, Sidney Zehman and Milton Wolf, for said premises.

"It is on these questions so raised that your applicant asks the Court for its further instructions herein.

Joseph M. Sweeney, (signed)

JOSEPH M. SWEENEY, SHERIFF OF

CUYAHOGA COUNTY, OHIO."

At about the same time the purported purchaser at sheriff's sale made application to confirm the judicial sale or in the alternative to vacate said sale and refund the payments made.

The evidence disclosed that the defendant Blachman was acting as attorney for the others interested in securing title to the land. He had negotiated the transfer from the original owners, the Gemeiners, to Zehman. He had handled the recording of this deed within an hour before the sheriff's sale. He supervised the bidding at the same and he instructed the sheriff that title would be taken in the name of The West Side Land Company. Three days before the sale, Blachman had secured from the county auditor statements of payments necessary to redeem the land by virtue of compliance with §§2672-1, 2672-2 and 2672-3 GC. These are conveniently known as "The Whittemore Act."

For the purpose of attempting to determine the intent and purpose behind all these steps and maneuvers by Blachman it is worthy to note the possibilities which were presented. There is no doubt but that these conspirators were after this particular land. It is in an area which is being rapidly developed for the erection of small homes. The preliminary judicial report on the title discloses that the county

government has declared an intention to project an extension of one of the county roads through this land. It is not too far distant from an area recently developed with large industrial plants. The defendants Zehman and Wolf are in the business of building and developing residential areas and operate through various corporate names one of which is The West Side Land Co. The evidence disclosed that the attempt to take title in its name was the first transaction indulged in under this particular corporate name: The evidence also disclosed that there was some spirited bidding by other persons at the sheriff's sale. The evidence also disclosed that the defendant Blachman had been buying and bidding at sheriff's sales on many occasions in the part. His testimony revealed an acquaintance with the law and procedure that is not possessed by the average lawyer who occasionally represents a client who is interested in securing a certain tract of land at a sheriff's sale. Blachman testified that he originated the plan to secure this land and took it to Zehman for financing and development.

It is the opinion of this Court that Blachman and his associates were attempting to secure this land to the exclusion of any other bidders. Their statements to the contrary made after the discovery of the plan do not stand up to the facts. Once having launched upon this program, they made the further resolve to obtain it as cheaply as possible under the circumstances.

What was the purpose in taking title from the Gemeiners? They paid $300 for the deed, after a lesser amount had been refused. Having the recorded title before the sale opened a wide avenue to them. In the event that the bidding went too high and they were forced to bid more than the cost of redemption under the statute, they could attempt to have the sale vacated and if successful could qualify under The Whittemore Act by paying the court costs and securing a spread of the taxes which would aggregate about $45,000. Many purchasers at sheriff's sales have been relieved of the obligation to consummate the sale for various reasons and excuses, subject only to the discretionary power of the court. The successful bid in this instance was $35,050. If a deed would be ordered by the court following this sale, the defendants would be securing title for $10,000 less than the accrued taxes and for $25,000 less than the accrued taxes with penalties and interest added.

Ordinarily there is nothing wrong in selling land at foreclosure for less than the accrued taxes. But the sale must be bona fide and not made with any intent to defraud the

public. The owner of the land cannot be heard to complain that he has lost his title to a stranger because the ownership is coupled with an obligation to pay the taxes and assessments lawfully levied thereon. **Ohio Constitution, Article XII. Secs. 5548, 5681, 3897 GC, Brown v. Russell, 20 Oh Ap 101.**

Likewise, the law reserves to the owner the right to redeem his interest and retain his ownership continuously to the time of transfer to a purchaser at foreclosure or tax sale. **Renner v. Rabkin, 84 Oh Ap, 309, Boyle v. Public, 148 Oh St, 559, Kinney v. Hoffman, 151 Oh St, 517; Monroe v. Zangerle, 155 Oh St, 129.** In some instances such right is preserved after the giving of the sheriff's or auditor's deeds under certain statutes. This theory is so well accepted as to not require the citation of numerous sections of the General Code and decisions thereunder. It seems, therefore, that the law does not contemplate that the owner and the purchaser at sheriff's sale may stand in the same shoes.

Cooley on Taxation, 4th Edition, at paragraph 1437 discusses this question:

"Some persons, from their relation to the land or to the tax are precluded from becoming purchasers on grounds which are apparent when their relation to the tax and to the property is shown. The title to be given on a tax sale is a title based on the default of a person who owes to the public the duty to pay the tax, and the sale is made by way of enforcing that duty. But one person may owe a duty to the public, and another may owe it to the owner of the land by reason of contract or other relations . . . . There is a general principle, applicable to such cases which may be stated thus: That a purchase made by one whose duty it was to pay the taxes shall operate as payment only . . . ."

Continuing further in the same volume at paragraph 1449, Cooley says:

"What cannot be done directly cannot be done indirectly. A person disqualified to purchase because of his interest in the property or relation to the owner, cannot acquire a good tax title by having the purchase made in the name of someone else. The effect of a purchase by one disqualified to purchase, cannot be overcome by having the tax certificate or deed issued in the name of another . . . ."

The person in whose name the land was listed and assessed for taxation and whose duty it is to pay the tax can acquire no additional title by purchasing it at the sale. And one in possession of and claiming title acquires no additional title by such purchase if the taxes were a lien upon the land at the time of his taking possession. **Blackwell on Tax Titles 4th Edition, 442.**

There are certain classes of persons who, from their connection with the title to real estate, or in consequence of their fiduciary relations to the owner, are disqualified from purchasing the land at a tax sale. This disability arises in part from the peculiar nature of the taxing power, and the rights and obligations growing out of its exercise, and the anomalous character of tax titles; but it rests. partly also upon certain broad and general principles of law and equity, easily recognized and familiar in their application, which furnish safe guides for the solution of doubtful questions. In the first place, to state the rule tersely; any person who owes a positive duty to the State to pay the taxes on a particular tract of land, cannot become a purchaser at a sale of the property for such taxes; or, if he does in form buy at such sale, he does not thereby acquire any right or title to the property better or stronger than what he had before, but his purchase is deemed merely a mode of paying the taxes, and leaves the title in precisely the position it would have occupied if the payment had been made before instead of after, the land was put up for sale. Black on Tax Titles, 2nd Edition Sec. 273. This same author comments further in paragraph 276:—It is a general rule that a person who, by reason of his legal or moral duty to pay the taxes on given land is disqualified from purchasing the same directly at a tax sale, cannot acquire any valid title thereto indirectly by procuring another person to figure as the ostensible bidder at the sale, and then taking an assignment of the certificate or deed from such person, on refunding him the money expended. Such an arrangement, if not positively fraudulent, is at any rate an attempt to evade the law, to which the courts will lend no countenance.

There is a dearth of citations in Ohio on this question, but the few cases available seem to be in accord in the reasoning that the title holder to lands cannot become the purchaser at tax sale. Douglas v. Dangerfield, 10 Ohio, 152; Piatt v. St. Clair, 6 Ohio, 227; Clark v. Lindsey, 47 Oh St, 437; Anderson v. Messenger, 16 Ohio Federal Decisions, 134.

Under the weight of this reasoning there is but one conclusion and that is that the defendants herein, or any one of them acting in concert could not acquire the title by virtue of this purported sale by the sheriff. It will be noted that following the authorities and the cases cited above, the purchase under the circumstances in this case was by the one holding the title and having the obligation to pay the taxes. The effect of the payment to the sheriff herein must be considered as though made by the owner before the sale

and therefore would have to be received as a payment against the delinquent taxes. **38 O. Jur., 1174**; Clark v. Lindsey, supra; Anderson v. Messenger, supra; Piatt v. St. Clair, supra; Douglass v. Dangerfield, supra; Dubois v. Campan, 24 Mich., 370; Oswald v. Wolf, 21 N. E. (Illinois) 839.

This Court is of the opinion that the purported sale by the sheriff to The West Side Land Company should be vacated and held for naught; that the funds now in the hands of the sheriff as a result of payments by the defendants or any of them in attempting to consummate the purchase at sheriff's sale should be turned over to the plaintiff and should be applied as payment on the delinquent taxes on the lands set forth in the petition; that the decree of March 18, 1948, be modified to conform to such payment to the plaintiff and that an order of sale issue in conformity therewith for the advertisement and sale of such lands according to law. The application to confirm the sale is overruled.

Counsel may prepare the necessary entries to carry these instructions into judgment and submit the same to the Court at the earliest time convenient.